UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HOLLY LOCKE, an individual,

    Defendant.

_____/

Civil No. 24-cv-11279

Honorable

## UNITED STATES OF AMERICA'S COMPLAINT FOR PERMANENT INJUNCTION

Plaintiff, the United States of America ("United States"), through its undersigned counsel, hereby sues Defendant Holly Locke, ("Defendant") and alleges as follows:

### INTRODUCTION

1. Since at least February 2022 and continuing to the present, Defendant has knowingly and willingly facilitated and assisted a fraudulent scheme. Through this scheme, the perpetrators of the fraud meet their targets online, befriend them, and instruct them to send money to Defendant under false pretenses, such as to pay rent or medical bills. The targets, who are strangers to Defendant, send monetary instruments to Defendant via U.S. Priority Mail. Defendant then transmits these monies to an individual located Ghana that

1

Defendant has described as her "fiancé" or "husband." Defendant has never met her fiancé/husband in person.

2. The United States seeks to prevent the continuing and substantial injury to victims of this fraudulent scheme by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of mail fraud and wire fraud as defined in 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant is a resident of this district and because a substantial part of the events or omissions giving rise to the Complaint occurred in this district.

## PARTIES

5. Plaintiff is the United States.

6. Defendant is a resident of this district, residing in Jackson, Michigan. Defendant engaged, and continues to engage, in the conduct described in this complaint from her residence within the Eastern District of Michigan.

## FRAUDULENT SCHEME

7. Since at least June 2022, Defendant has been a knowing participant in a "romance scam." A romance scam is typically a scheme in which an individual starts talking to a stranger they meet online, not knowing that stranger is a fraudster that intends to defraud them. Eventually, after developing a friendship or romantic relationship, the fraudster will ask the victim to send them money based on false representations about the need for the funds. If the victim does not have money to send, sometimes the fraudster will use that person as a money transmitter by routing payments from other victims to that person and instructing that person to transfer the money to the perpetrator. A money transmitter plays a critical role in the scheme by receiving the money from other victims and obscuring the transfer of funds from those victims to the fraudster.

8. Defendant's role in this case is that of money transmitter, whereby she met a fraudster online and has been receiving money from other victims via Priority Express Envelopes. The Defendant then transmits the money to the fraudster.

9. Defendant's description of her relationship to the fraudster in this case has been inconsistent. First, she claimed that the money the victims were sending to her was to be sent to her husband in Ghana. In a later instance, Defendant

3

claimed she was engaged to be married to a United States soldier stationed overseas that she had never met in person, and that the money the victims were sending Defendant was being used by her fiancé to build an orphanage in Africa.

## **DEFENDANT'S KNOWLEDGE OF FRAUD**

10.     On February 3, 2022, three Priority Express Envelopes from different senders were flagged for potential fraud and held by United States Postal Inspection Services ("USPIS"). Defendant informed USPIS that the envelopes contained cash that she was going to send to her husband in Ghana.

11.     On March 31, 2022, USPIS inspectors interviewed Defendant about the envelopes, and Defendant told inspectors that she was engaged to a United States soldier currently assigned overseas. Defendant said she met her fiancé online and had never met him in person. Defendant further stated that she received money in the mail, then sent it via Western Union to her fiancé, who was using the money to build an orphanage in Africa. The inspectors told Defendant that she was involved in a fraudulent scheme and explained romance scams to her. The inspectors told Defendant that the money she was receiving and transmitting came from fraud victims. Defendant stated that she understood and would sign a cease and desist order.

12. On June 13, 2022, USPIS inspectors presented Defendant with an Agreement Containing Consent Order to Cease and Desist pursuant to 39 U.S.C. § 3005, which Defendant executed at that time.   In substance, Defendant agreed to refrain from engaging in the fraudulent scheme, namely by receiving money in the mail from unknown senders who are the victims of romance scams.

13. The United States alleges that as a result of the Cease and Desist Order issued against her, Defendant has knowledge that the monies she receives from various sources by means of false representations constitutes mail fraud.

### DEFENDANT'S ONGOING VIOLATIONS

14. Despite the Cease and Desist Order, Defendant continues to facilitate the fraudulent schemes.

15. On January 3, 2023, Defendant contacted USPIS because the Post Office was holding an express parcel addressed to her.   Defendant was unable to say what was in the parcel and did not know the name of the sender.   Defendant was informed that this was a possible violation of the Cease and Desist Order.   USPIS was contacted by a postal supervisor that same day about another express parcel addressed to Defendant.

16. On May 9, 2023, a Priority Express Envelope addressed to Defendant, sent by a different sender from prior packages, was flagged, and the sender requested it be returned after USPIS contacted her.

17. In June 2023, Defendant received two Priority Mail Express Flat Rate Envelopes.

18. On August 3, 2023, a Priority Express Envelope, sent by a different sender than previous packages and addressed to Defendant, was flagged by the USPS and returned to the sender at his request.

19. On November 1, 2023, another Priority Express Envelope addressed to Defendant, sent by yet another unique sender, was intercepted.   USPIS contacted the sender, who stated his Facebook friend, Cynthia Wilson, directed him to send a money order for $1,000 to Defendant, which was supposed to help Wilson pay her rent.   The sender had never spoken to nor met Defendant.

20. On November 25, 2023, another Priority Express Envelope addressed to Defendant, sent by yet another unique sender, was intercepted.   USPIS contacted the sender, who stated his "friend" told him to send Defendant a money order for $2,500 to help his "friend's" with medical bills.   This sender also stated he had never spoken to nor met Defendant.

21. On December 5, 2023, another Priority Express Envelope addressed to Defendant, sent by yet another unique sender, was intercepted. USPIS contacted the sender, who stated his Facebook friend "Marie" directed him to send $600 in cash to Defendant. This sender also had never spoken to nor met Defendant.

22. Three additional Priority Express Envelopes, from unique senders, were delivered to Defendant in December 2023 after USPIS failed to make contact with the senders.

23. USPIS has identified as least eleven Priority Express Envelopes and eight Priority Mail parcels that have been received by Defendant after Defendant signed the Cease and Desist Order in June 2022. This pattern of behavior is evidence that Defendant presents a risk of continuing her role in this fraudulent scheme.

## HARM TO VICTIMS

24. Since at least early 2022, victims have been harmed by the fraudulent schemes facilitated by Defendant.

25. Defendant plays a critical role in the fraudulent schemes by receiving victim payments by U.S. Priority Mail in the form of cash, checks, and cashier's checks, and transmitting them to accomplices.

26. Victims suffer financial losses from the mail fraud schemes facilitated by Defendant.

27. Defendant continues to facilitate mail fraud schemes.

28. Absent injunctive relief by this court, Defendant will continue to cause continuing and substantial injury to victims.

## COUNT I

### (18 U.S.C. § 1345 – Injunctive Relief)

29. The United States re-alleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

30. By reason of the conduct described herein, Defendant violated, is violating, and is about to violate 18 U.S.C. § 1341 and 1343 by facilitating a scheme and artifice to defraud and obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, use the United States Postal Service and interstate wire communications.

31. Upon a showing that Defendant is committing or about to commit mail or wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future fraudulent conduct and to any other action that this Court deems just and proper to prevent a continuing and substantial injury to the United States and its victims.

32.    As a result of the foregoing, the Court should enjoin Defendant's conduct under 18 U.S.C. § 1345.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in any romance scam or money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

          Respectfully submitted,

          DAWN N. ISON
          United States Attorney

          */s/ Jonny Zajac*
          JONNY ZAJAC
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, Michigan 48226
          (313) 226-0230
          jonny.zajac@usdoj.gov
          Illinois Bar No. 6307383

Dated: May 14, 2024